## Hummer v. Hummer

*Arnold, Bricker, Beyer & Barnes*, for petitioner.
*Appel, Herr & Appel*, contra.

JOHNSTONE, *P. J.*, May 9, 1975—Defendant-wife in this divorce action has filed her petition in which she seeks an order of this court awarding her reasonable counsel fees, a sufficient sum in expenses to enable her to defend the action, and alimony pendente lite. Plaintiff-husband filed an answer to defendant's petition and in turn prayed for an order directing defendant to pay reasonable counsel fees and expenses. Plaintiff abandoned his counterclaim at the argument of this case before the court en banc.

Depositions of the parties were taken in support of defendant's petition and those depositions are now before the court. Two hearings in this action have already been held but the record is not closed as defendant has additional testimony to present. As we view the situation, defendant has a two-fold burden of proving that she has a need for the order prayed for and that plaintiff can afford to pay: Wiegand v. Wiegand, 226 Pa. Superior Ct. 278, 282, 310 A. 2d 426 (1973).

The depositions disclose that both parties to this action are gainfully employed and that the wife is in no sense of the word destitute. The parties own jointly a dwelling valued at approximately $25,000, a boat which cost $13,000 to $14,000 in 1968, two automobiles and certain bank stocks. The wife lives in the jointly-owned home, which is debt free and for which she pays the taxes and the maintenance. There were no children born to this marriage and there is one joint debt of the parties in the sum of $3,000 to the Ephrata National Bank. Neither party is paying the interest or the principal of this loan.

Neither of the parties have used the boat since their separation and the two automobiles owned by the parties are not being used. Defendant purchased a new automobile on which she owes monthly payments of $112.49. Defendant was hospitalized in the fall of 1974 and has unpaid medical bills of approximately $1,400. However, the balance of her medical bills have not yet been submitted to her major medical insurance carrier and she does not know what portion of these bills will be paid by insurance.

We are not convinced that defendant has shown a need for alimony pendente lite, since her net in-

come after taxes is approximately $6,500, while her husband's net income is approximately $9,700. Defendant claims to have living expenses of $150 per week, but the items of expense about which she testified do not even approximate that amount. The husband testified that he had no income outside his employment and that his checking account has a balance of $56 in it. In our judgment defendant has failed to sustain her twofold burden.

Defendant asks for an allowance for expenses in order to pay the cost of bringing two witnesses from Wisconsin and two witnesses from Massachusetts in order to testify in her behalf. An effort was made to learn what these witnesses would say if brought here to testify, and the most that can be said is that these ex-neighbors would confirm her testimony. Defendant was quite hesitant and vague in her reasons for wanting these witnesses to testify. We were not convinced from the testimony that any of these prospective witnesses, and particularly all of them, were necessary to the wife's defense of this action, nor are we persuaded that defendant was financially unable to transport the witnesses to the next divorce hearing.

Defendant testified that her present counsel has charges against her of $750, and that she paid her original counsel the sum of $160. The record is devoid of any evidence as to what services have been performed and what the value of those services may be. It is obvious that the case is not yet concluded and that the total counsel fees cannot be determined at this time. While we do not doubt that defendant's counsel has performed valuable services up to this point, we have nothing upon which to base the value of those services, and proof is lacking that defendant is or will be unable to pay her

counsel fees. From the record before us we are not in a position to determine that plaintiff has the ability to pay the sums demanded or that he can afford to pay the same.

And now, May 9, 1975, for the reasons stated herein, defendant's petition is dismissed and plaintiff's counterclaim is also dismissed.